EXHIBIT-MJ-24A



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY
AREA SUPPORT GROUP - KUWAIT
APO AE 09366

REPLY TO
ATTENTION OF:

ACEN-ASG-KU-DOL

22 December 2010

MY DOL Counselor

MEMORANDUM FOR: Ms. Beverley M. Harris, Contract Specialist, GS-1102-12, ARCENT-Kuwait, Command Group, APO AE 09889

SUBJECT: Notice of Proposed Removal

1. This memorandum serves to inform you that I propose to remove you from the Federal Service for failure to comply with the terms of your rotation agreement and the provisions outlined in the Priority Placement Program (PPP) by declining a valid PPP job offer. It is proposed to effect this removal not earlier than thirty (30) calendar days from your receipt of this memorandum.

2. The specific information upon which this proposal is based is as follows:

   a. You were recruited from Cypress, Texas on 13 September 2009 with a DEROS of 12 September 2010. On 27 March 2010, management decided not to extend your tour, and provided you a copy of the Overseas Tour Renewals/Extension Form, which you signed. You elected to register in PPP on 14 July 2010 for Contract Specialist, GS-1102-12, option code COO for the following CONUS states: Georgia, North Carolina and South Carolina. The Saudi Civilian Personnel Advisory Center (CPAC) received a PPP match on 03 August 2010. You were determined to be 'well qualified' by the Human Resources Specialist at the Saudi CPAC and at the US Army Corps of Engineers, Charleston District.

   b. You were contacted by email on 11 August 2010 by Richard Bisol of the Saudi Civilian Personnel Advisory Center and offered the position of Contract Specialist, GS-1102-12, at the US Army Engineer District, Charleston, SC. You first accepted this valid PPP job offer on 16 August 2010. Subsequently, you received a tentative job offer 5 October 2010 for another position in Saudi Arabia, which you tentatively accepted, and you declined the PPP offer to the Benelux CPAC, Ms Baron on 5 October 2010 and to US Army Corps of Engineer, Charleston District, SC, Ms Newkirk-Paggi on 7 October 2010.

3. The determination to issue this proposed removal is based on AR 690-700, Chapter 751, Adverse Action Procedures, and AR 690-300, Chap 301, Subchapter. 5, 5-5.d., Termination of Overseas Tours. All information weighed, I am convinced that this action to propose your removal will promote the efficiency of the Federal Service.

4. You have the right to respond to this proposal either orally or in writing or both. You may submit affidavits or other documentary evidence in support of your reply, to include any and all reasons why you believe this action should not be taken.

ACEN-ASG-KU-DOL
SUBJECT: Notice of Proposed Removal

Your response, or any information you wish to add concerning this memorandum, will be addressed to LTC Brian Cole Sr, Deputy Commander, ASG Kuwait, no later than seven (7) calendar days after your receipt of this notice. No extension to this reply period will be made.

5. You may be represented by an attorney or any representative of your choice, provided the individual designated to represent you is reasonably available to act in that capacity, and the representational activities of the individual, if federally employed, do not constitute a conflict of interest, or whose release of duty could cause unreasonable cost to the Government, or whose priority assignments would preclude his/her release. Your choice of a representative must be in writing and submitted to the Benelux Civilian Personnel Advisory Center (CPAC), ATTN: Ms. Kimberly Jackson, APO 09708, or civilian address: Caserne Daumerie, 56 Grand Rue, Building 70024, 7950 Chievres, Belgium.

6. You may request further information concerning your rights from Ms. Jackson. She will make available to you, and/or your representative, any pertinent regulations you request.

7. After the expiration of the response period, LTC Cole will consider all material presented in this letter, supporting documents and any information and/or responses you have provided and will notify you in writing of the final decision.

8. You are requested to acknowledge receipt of this memorandum by signing this memorandum. Your signature does not indicate your agreement with the proposed action.

CHERYL D. BRADY
LTC, LG
Director of Logistics

(Employee's signature)                    10/22/10
                                          Date

EXHIBIT- MI-24B

*[Handwritten left margin: "Dept Cmdr Pd. Brian Cole"]*

*[Handwritten right margin with arrow: "Next day I was put on a plane back to USA"]*

**DEPARTMENT OF THE ARMY**
AREA SUPPORT GROUP-KUWAIT
CAMP ARIFJAN, KUWAIT
APO AE 09366-9900

ACEN-ASG-KU-DCO

*[Signature: Giola Brock Concur]*

11 January 2011

MEMORANDUM THRU Civilian Personnel Office, Area Support Group-Kuwait, Camp Arifjan, Kuwait APO AE 09366

FOR Area Support Group-Kuwait, Contracting Cell, ATTN: Ms. Beverley M. Harris, Contract Specialist, GS-1102-12, Camp Arifjan, Kuwait APO AE 09366

SUBJECT: Notice of Decision to Remove

1. Reference is made to the Notice of Proposed Removal, dated 22 December 2010, proposing your removal for failure to comply with the terms of your rotation agreement and the provisions outlined in the Priority Placement Program (PPP) by declining a valid PPP job offer. The Notice of Proposed Removal was delivered to you on 22 December 2010.

2. In deciding this action, I have taken into account not only the charges above, but I have considered aggravating factors in making my decision regarding this removal such as:

   a. your job level and type of employment
   b. the clarity with which you had been warned about the consequences of declining a PPP offer.
   c. the consistency of the penalty with other employees for the same or similar offense
   d. the consistency of the penalty with Army Regulations and the Table of Penalties
   e. the impact of the offense on the reputation of the Department of the Army
   f. the lack of effective alternative sanctions to deter similar actions in the future by you or others.

I also considered mitigating factors such as: your past disciplinary record and your past work record but, find they do not warrant proposing a lesser penalty.

3. You were afforded a response period which allowed 7 calendar days in which to reply orally, in writing, or both to the Notice of Proposed Removal. I received your written reply on 29 December 2010. I have carefully considered your reply and the reasons and specifications contained in the Notice of Proposed Removal fully and impartially. I find that the incident(s) described in paragraph 1 of the Notice of Proposed Removal are fully supported by a preponderance of the evidence, are sustained, and warrant your removal. Your failure to abide by the terms of your rotation agreement interferes with mission accomplishment and your removal, therefore, will promote the efficiency of the service.

4. It is my decision that you are removed effective 21 January 2011 for failure to comply with the terms of your rotation agreement and the provisions outlined in the Priority Placement

ACEN-ASG-KU-DCO
SUBJECT: Notice of Decision to Remove

Program (PPP) by declining a valid PPP job offer. A Standard Form 50, Notification of Personnel Action, effecting your removal is forthcoming under separate correspondence.

5. You have a right to appeal this action to the Merit Systems Protection Board (MSPB). You may file your appeal online using the MSPB e-Appeal (https://e-appeal.mspb.gov/) or you may appeal using traditional means such as mail, fax or commercial delivery. If you use traditional means your appeal should be addressed to the Washington Regional Office, 1800 Diagonal Road, Alexandria, Virginia 22314, and Facsimile No.: (703) 756-7112. For your convenience, a copy of MSPB appeal procedures is at Attachment 1. A copy of the MSPB appeal form which you may use to file your appeal via traditional means is at Attachment 2. You may also find this material on the MSPB web site, http://www.mspb.gov/appeals/appeals.htm

6. If you elect to appeal, you must file your appeal with the MSPB during the period beginning with the day after the effective date of the removal until not later than 30 days after the effective date. You may be represented by a representative of your choice in filing an appeal.

7. If you wish to read regulations pertinent to this decision or obtain further information about your procedural rights, you may contact the CPAC POC, Marina Baron, DSN 314-361-5564 or marina.baron@us.army.mil

2 Encls
1. MSPB Appeal Procedures
2. MSPB Appeal Form

BRIAN COLE, SR.
LTC, LG
Deputy Commander

Please acknowledge receipt of this notice in the spaces provided below. Acknowledgement in no way constitutes concurrence or non-concurrence with the contents.
Employee's Initials and Date of Receipt _____

CF:
Civilian Personnel Advisory Center (CPAC)

*Employee refused to initial BC 1/12/11*

2

MY RESPONSE TO
DEPT. CMDR.- COL BRIAN COLE

EXHIBIT
MI-24C



DEPARTMENT OF THE ARMY
AREA SUPPORT GROUP - KUWAIT
APO AE 09366-9900

REPLY TO
ATTENTION OF

ACEN-ASG-KU-DOL                                                   28 December 2010

MEMORANDUM TO LTC Brian Cole, Deputy Commander Area Support Group-Kuwait, Camp Arifjan Kuwait, APO AE 09366

SUBJECT: Response to Notice of Proposal to Remove #2

1. Sir, Good afternoon. This is a follow up to the Memorandum received from LTC Cheryl Brady, Director of Logistics, on November 22, 2010 titled Notice to Propose Removal. I responded accordingly on December 28, 2010 to that memorandum, copy of which I had sent to you on December 22, 2010. This second memorandum for which I am now responding to and present to me by LTC Brady on 22 December with the corresponding date and titled "Notice of Proposed Removal" differs as follow:
   a. In Paragraph "2b" you added "and you declined the PPP offer to the Benelux CPAC, Ms. Baron on 5 October 2010 and"
   b. In paragraph 4 you added: "Your response, or any information you wish to add concerning this memorandum, will be addressed to LTC Brian Cole, Sr, Deputy Commander, ASG Kuwait, no later than seven (7) calendar days after your receipt of this notice. No extension to this reply will be made"
   c. Paragraph states " After the expiration of the response period, LTC Cole will consider all material presented in this letter, supporting documentation and any information and/or responses you have provided and will notify you in writing of the final decision"

2. The memorandum stated that "I Proposed to remove you from the Federal for failure to comply with the terms of your rotation agreement and provisions outlined in the Priority Placement Program (PPP) by declining a valid PPP job offer". I can emphatically state that I did not decline the PPP valid job offer and if that had advertently occurred then it was because of lack of any direction, guidance and or instructions from the organization/individuals who are tasked to provide this service to the Department of the Army's Civilians (DACs). You have cited my e-mails dated 5 October 2010 (see Attachment #1A) and 7 October 2010 (See attachment #1) as the documentations that showed my declination of the job offer. However, both clearly stated that the position offered to me from the Saudi Arabia Civilian Personnel Advisory Center (CPAC) was a "tentative offer". The dictionary defines "tentative" as: "under terms not final or fully worked out or agreed upon".

3. To address the contents of each of these e-mails, I will begin with the one sent to Mrs. Baron at the Benelux, Belgium CPAC. It stated that the offer was "pending a completed physical". Most importantly, this was sent to the very individuals who are tasked to provide the direction, guidance and or instructions to me as a DAC. unfortunately that was not accomplished until 12 October 2010 (see attachment #5). The mission of the CPAC states:

ACEN-ASG-KU-DOL
SUBJECT: Response to Notice of Proposal to Remove #2

*"We strive to provide value-added and responsive products and services in achieving the Army's mission. Our objective is to exceed our customers' expectations through efficient operations; timely communications; flexible, easy-to-understand rules; and professional guidance and assistance"* (Dept. of the Army, 2008)

Unfortunately, my expectations were clearly not met, and/or exceeded and certainly not the timely communications and flexible, easy-to-understand rules and professional guidance and assistance. Just for the record, I have never "talked" to Mrs. Baron and/or anyone in the Benelux Belgium CPAC, then, now or ever. The only communication between the Benelux CPAC and I was on 5 October 2010 (see attachment #1A) and 12 October 2010 (see attachment #6). Further, when I sent this e-mail, in question, to the CPAC and not the gaining organization then it cannot constitute a declination. This was the time for the CPAC to communicate to me what the rules are concerning the PPP on one hand and the "tentative offer" on the other hand but no such communication occurred. The point of the matter is, I was "over my head" with this situation and despite the fact that there were 2 CPACs and 1 local Civilian Personnel Office (CPO) involved in this situation no one took the time to explain the procedures.

4. The reason why my e-mail, dated 7 October 2010 was sent to SC in the first place was because I had received an e-mail (see attachment #4) from SC Team outlining preparations for my arrival in SC. Apparently they were never notified by the Benelux CPAC of my "tentative offer". The Benelux CPAC had ample time to inform the SC Team of what was transpiring with both situations the PPP valid Offer and the "Tentative offer". However, if there were any misunderstanding stemming from my e-mail of 7 October 2010 then my e-mail of 13 October 2010 left absolutely no doubt as to my position regarding the valid PPP offer. I also knew that until 16 October 2010, prior to Mrs. Thomas rescinding the valid PPP offer, that the position in SC was still available/open. When I received the rescinded order I was shocked and responded accordingly (see attachment #7)

5. What's so shocking about this entire episode of events is:
   a. The Saudi Arabia CPAC, represented by Mr. Richard Bisol, prepared and found the valid PPP job in South Carolina on August 13, 2010 and I accepted it on August 16, 2010 with a reporting date of September 26 and was later changed to October 10, 2010
   b. Mrs. Thomas, also from the Saudi Arabia CPAC, made the "tentative offer" for the job in Saudi Arabia on October 5, 2010
   c. Mrs. Thomas, monitored and accepted the medical information that was the condition of the "tentative offer"
   d. Mrs. Thomas also rescinded the PCS Order for the Valid PPP job offer to Charleston South Carolina (SC) with first-hand knowledge that the Saudi Arabia offer was a "tentative offer"
   e. And finally Mrs. Thomas also withdrew the Saudi Arabia offer knowing full well that she had rescinded my SC job offer based on my e-mail dated 7 October 2010 (see attachment #1) clearly stating "tentative offer" which she claimed and used as the motive for rescinding the PCS Job Order.

2



ACEN-ASG-KU-DOL
SUBJECT: Response to Notice of Proposal to Remove #2

Surprisingly, my e-mail of 7 October 2010 clearly stated that it was a "tentative" offer, meaning this is not fully agreed upon by anyone. In the e-mail Mrs. Thomas, Saudi Arabia CPAC, sent to me on 5 October 2010 with the initial "tentative job" offer, item #7 stated "….a tentative job offer will remain tentative until all Conditions of Employment are met". My condition was still not been met on 16 October 2010 when Mrs. Thomas rescinded my order. Knowing that and clearly reviewing my e-mail of 7 October 2010 I cannot fully understand why Mrs. Thomas would use an e-mail that said "tentative offer" as the motive to rescind my PCS Orders.

6. I can only conclude that Mrs. Thomas' action to rescind my PCS Orders to SC was either prematurely (in haste or by accident) done or inadvertently due to her personal workload or other responsibilities. If in fact it was by accident then Mrs. Thomas e-mail to me date October 27, 2010 stating "I would recommend you speak with your organization there to get an extension until you are eligible to register in PPP again. There may even be an exception…." (see attachment #9) was her attempt to rectify the mistake by prematurely rescinding my SC order when she was fully aware of and responsible for both of my offers.

7. Regarding the medical condition cited in the "tentative offer', I met all condition set forth by the Saudi Arabia CPAC shown in the attached document (see attachment #8) and completed them on 13 October 2010. When the mammogram requirements were added no extra time was given and based on the cultural differences here in the State of Kuwait that was necessary and essential. Despite that I continued and completed all the requirements.

8. This memorandum outlined AR 690 and FPM chapter 752, Termination of overseas tour. However, these regulations specifically AR 690-300, Chap 301, Subchapter 5, 5-5 states "Termination of an overseas tour limited employee before the effective schedule expiration date of appointment must be processed under the procedures of AR 690 or FPM 752 chapter 3…..", meaning they are only used if termination is before the expiration date. My expiration date was September 12, 2010. This means that I have "complied with the terms of my rotation agreement" with the Army. In regards to the PPP registration the Manual clearly states that it is an "option" for me because I do not have "return rights". Mr. Bisol also explained that to me verbally and in writing.

9. LTC Brady wrote a sentence that added no value to facts of the situation that hurt only me due to the errors of others. The comment stated "All information weighed, I am convinced that this action to propose your removal will promote the efficiency of the Federal Services". This I do not understand and as I do not know what "information" is being "weighed". I have been in the Federal Services, in one way or another, since 1974 and have served my Country honorably and proudly as a member of the Air Force for more than 10 years and left as a Disabled Veteran. The Air Force has made me all I am and my obligations will always be with the US Military. I have been asked many a times why I have not gone other places to work and obtain great wealth having achieved my PhD Degree. My answer has always been the same, "I have an eternal obligation to the US Military".

10. I agree that the Federal Service can be more efficient but so can the Fortune-5 companies and even us as individuals. In a dynamic world such as this changes occur by the second and with

3



ACEN-ASG-KU-DOL
SUBJECT: Response to Notice of Proposal to Remove #2

changes come the demands to re-align ones actions. The Federal Services is no exception. However, I can assure you that it is no less efficient with my presence. I have laid my life down to work with the Federal Investigative Teams (FBI & OSI) when I was called on to assist and I would do it again. My other contributes began with the Air Force in such programs as the "Shadow Program", and various training programs. At the NASA Kennedy Space Center I was one of 3 individuals who assisted in establishing the "Target School" program outside of my regular job requirements. As an Aerospace Engineer I contributed greatly to various engineering changes, modifications, repairs and new installations to all the Space Shuttle Processing facilities (Launch Pads, VAP, OPF, etc) Space Shuttle Payload Bay areas and the Cockpit NAVAIDs systems. These are just a "thumbnail" sketch of the many contributions I have made as a member of the Federal Services and have many awards to show including the one you gave me in June 2010.

11. Most importantly, I came to Camp Arifjan and almost single-handedly setup the Contract Coordination Cell (CCC), worked very hard and accomplished every task you have assigned me. Further, I reached outside of my job assignments to work with the Education Center on the Army's FAST Class Program, worked with the Universities, and continue to provide Math and Statistics tutoring to Army, Navy and Civilian personnel on my own time without compensation.

In summarizing, I would like to emphasize that I did not decline any job off or deliberately go out to decline the PPP valid offer. If that occurred in the process of all this confusion then it was because I was never given the proper direction, guidance and/or instructions on how the process works. I depended on the "experts", the CPACs but never receive the assistance I needed.

4



ACEN-ASG-KU-DOL
SUBJECT: Response to Notice of Proposal to Remove #2

Reference:

Department of the Army, (2008). Civilian Personnel Advisory Center. Welcome to CPAC Homepage. Retrieved on December 28, 2010 from http://www.jackson.army.mil/cpac/index.htm

BEVERLEY M. HARRIS
PhD
Contract Specialist

5